IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEVIN MANNON**  **PLAINTIFF**
**ADC #151797**

V.  NO. 4:21-cv-00955-LPR-ERE

**JUSTIN J. WHIPPS,** *et al.*  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.  Procedures for Filing Objections**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.  Background**

Plaintiff Kevin Mannon, an Arkansas Division of Correction ("ADC") inmate, filed this *pro se* lawsuit under 42 U.S.C. § 1983. *Doc. 2.* In his complaint, Mr. Mannon alleges that Defendants Justin J. Whipps, Latrice Jackson, and Gregory

Shilling used excessive force against him.[1]

Pending before the Court is Defendants' motion for summary judgment, asserting that Mr. Mannon failed to fully exhaust his administrative remedies before he filed this lawsuit (*Docs. 14, 15, 16*). The Court previously granted Mr. Mannon's two motions for additional time to file a response to Defendants' motion. *Docs. 19, 20, 21, 22*. To date, Mr. Mannon has not filed a response and the time for doing so has now passed.

For the following reasons, the Court recommends that Defendants' motion for summary judgment be granted.

### III. Discussion

#### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983.[2] See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other

---

[1] The Court previously dismissed Mr. Mannon's claims against Keith Waddle, D. Thompson, and Dexter Payne based on his failure to state a plausible constitutional claim for relief against them. *Doc. 12*.

[2] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

### B. The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34 ("AD 19-34"). *Doc. 14-1*. This written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19.*

To fully and properly exhaust administrative remedies under AD 19-34, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 5-13*. The grievance process ends

3

when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 13*.

Thus, to properly exhaust his administrative remedies Mr. Mannon was required to present his excessive force claim in a timely grievance and complete each step of the ADC's grievance process *before* he filed this lawsuit.

### C.   Grievance History

Defendants submit the declaration of Terri Grigsby-Brown, the ADC Inmate Grievance Supervisor. *Doc. 14-2*. Ms. Grigsby-Brown states that Mr. Mannon filed one grievance related to the claims raised in this lawsuit, CU-19-1434. *Id. at 5*. She explains that Mr. Mannon failed to complete the exhaustion process with regard to that grievance because the final decision maker rejected his appeal based on Mr. Mannon's failure to comply with the ADC grievance procedure. Accordingly, Defendants argue that Mr. Mannon failed to fully exhaust his claims against Defendants. *Id. at 5-8*. The Court agrees.

On December 1, 2019, Mr. Mannon submitted grievance CU-19-1434. *Doc. 14-3 at 6*. In that grievance, Mr. Mannon alleges that, while he was at chow call, Defendant Whipps began threatening him. He then pulled Mr. Mannon off of his seat, struck him in the face with brass knuckles, and sprayed him with a chemical agent.

On December 8, Mr. Mannon received the problem solver's response to his informal grievance. *Id*. In his Step One decision, the problem solver stated that "corrective action" would be taken against Defendant Whipps. *Id*. On the same date, Mr. Mannon proceeded to Step Two of the grievance process. *Id*.

On January 6, 2021, the Warden issued his Step Two decision. *Id*. at 4. He explained that internal affairs had investigated the incident and Defendant Whipps was exonerated. *Id*.

Mr. Mannon then appealed the Warden's decision to Step Three of the grievance process. The Director rejected Mr. Mannon's appeal based on his failure to: (1) state a reason for his appeal; and (2) complete Attachment III by including "his name, ADC#, and/or date." *Id. at 3*.

The ADC inmate grievance procedure specifically provides that "[t]o complete the appeal [to the Chief Deputy/Deputy/Assistant Director], the inmate must state a reason for the appeal, and must date, sign, and write the inmate's ADC number on the attachment being appealed." *Doc. 14-1 at 12*.

Mr. Mannon has failed to present any evidence that he was prevented from including the necessary information to complete Step Three of the ADC grievance procedure. Thus, he has failed to create a genuine issue of material fact regarding his failure to exhaust his administrative remedies. See *Porter v. Sturm*, 781 F.3d 448,

5

451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to "pursue the . . . grievance process to its final stage").

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 14*) be GRANTED.

2. Mr. Mannon's claims against Defendants Jackson, Shilling, and Whipps be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

3. The Clerk be instructed to close this case.

DATED this 30th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE